Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| WENDY SNELL., PARENT AND GUARDIAN OF S.Y., AND S.Y., A MINOR,<br>Plaintiffs,<br>v.<br>NORTH THURSTON SCHOOL DISTRICT, A WASHINGTON MUNICIPAL CORPORATION,<br>Defendant. | No. 3:13-cv-5488-RBL<br>PLAINTIFFS' MOTION FOR FEES AND COSTS<br>**Date Noted for: May 2, 2014** |

## I. INTRODUCTION

Plaintiff S.Y. is a student who is disabled and eligible for special education under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1401 *et seq.* (IDEA). Alleging S.Y. was denied a free appropriate public education (FAPE), the parties engaged in a six-day hearing in October, November, December, and early January 2013. S.Y. and her mother, Wendy Snell, were the prevailing parties in the Due Process Hearing proceeding. Plaintiffs S.Y. and Wendy Snell now move this Court for fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B), in the amount of $184,833.20.



SUSAN B. MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVE. SO.-STE. 200
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

## II. ARGUMENT OF COUNSEL

### A. Plaintiff S.Y. and her mother Wendy Snell are the prevailing parties entitled to reasonable fees and costs pursuant to 20 U.S.C. § 1415.

Under the IDEA, "the court, in its discretion, may award reasonable attorney's fees as part of the costs ... to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i) (emphasis added). A prevailing party is one who "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Parents of Student W. v. Puyallup Sch. Dist., No. 3,* 31 F.3d 1489, 1498 (9th Cir.1994). A party is "prevailing" where it can "point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), quoted in *Kletzelman v. Capistrano Unified Sch. Dist.,* 91 F.3d 68, 71 (9th Cir.1996). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relations of the parties . . . ." *Tex. State Teachers Ass'n,* 489 U.S. at 792–93.

"[T]he prevailing party inquiry does not turn on the magnitude of the relief obtained." *Farrar v. Hobby,* 506 U.S. 103, 111-112, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (a civil rights plaintiff "prevails" when "actual relief on the merits of h[er] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."). Rather, a "prevailing party" need only "obtain an enforceable judgment against the defendant from whom fees are sought." *Id.* at 113–14. As such, a prevailing party need not succeed on all issues, but only on "any significant issue." *Parents of Student W. v. Puyallup School District #3,* 31 F.3d 1489, 1498 (9th Cir. 1994). Moreover, a prevailing party need not achieve all of the relief claimed, but merely "some of the benefit the parties sought in



SUSAN B. MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVE. SO.-STE. 200
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

bringing the suit." *Id.*

Here, S.Y. was the prevailing party at the Due Process Hearing because the ALJ found that that NTSD denied her FAPE in several material ways—failed to provide qualified medical personnel to test her blood sugar level every two hours, failed to provide her with a voice amplification device so that she could hear the teacher's instructions, and provided her with an inappropriate behavior intervention plan. The ALJ awarded S.Y. 520 hours of compensatory education in the form of tutorial services because she missed much school because of NTSD's wrongful conduct. Vol. I, No. 3, p. 56. That award afforded S.Y. significant relief that materially altered the relationship of the parties. The fact that the ALJ ruled in favor of NTSD on other issues does not change the fact that S.Y. prevailed at the ALJ hearing.

**B. Attorney fees need not be proportionate to damages.**

The United States Supreme Court has rejected the notion that attorney fees in civil rights cases should be proportionate to the amount of damages a plaintiff recovers. *Fair Housing of Marin v. Combs,* 285 F.3d 899, 908 (9th Cir. 2002) (upholding attorney fees several times more than the compensatory and punitive damages awarded) (*citing City of Riverside v. Rivera*, 477 U.S. 561, 577, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986)).

In *City of Riverside*, the Court acknowledged that 42 U.S.C. § 1988 was enacted to encourage private attorneys general in civil rights lawsuits, and that Congress did not intend the recovery of fees to depend upon substantial monetary damages. This statute was enacted "specifically to enable plaintiffs to enforce the civil rights laws even where the amount of damages at stake would not otherwise make it feasible for them to do so." 477 U.S. at 577



SUSAN B. MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVE. SO.-STE. 200
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

(citing legislative history). The inability to vindicate constitutional rights due to a lack of resources damages the entire nation and not just the individual citizen.

> *Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief.* Rather, Congress made clear that it intended that the amount of fees awarded under [Section 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases, and not be reduced because the rights involved may be nonpecuniary in nature. Senate Report at 6 (emphasis added).

*City of Riverside* at 575 (emphasis added). "Regardless of the form of relief he actually obtains, a successful civil rights plaintiff often secures important social benefits that are not reflected in nominal or relatively small damages awards." *Id.* at 574. In this case, S.Y.'s civil rights as a disabled student were vindicated and have been restored. She prevailed on three out of four of her claims of substantive violations of the IDEA. She was awarded the compensatory education she sought, just not in the total amount she sought. These are significant social and educational benefits.

It is anticipated that NTSD will oppose Plaintiff's petition for fees. But here, NTSD litigated this case tenaciously and continues to do so. "The government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Id.* at 581.

**C. Plaintiff is entitled to reasonable fees and costs.**

**1. Calculation of the Lodestar Amount.**

Once the entitlement to fees is established, the Court needs to determine the amount of fees to be awarded. Generally, in determining the amount to be awarded, the reasonable hours



SUSAN B. MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVE. SO.-STE. 200
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

expended multiplied by a reasonable hourly rate is the most useful starting point. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[5]

When determining the reasonableness of fees, the District Court must apply certain factors enumerated by the 5th Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). These factors need not be discussed specifically. It is sufficient that the record show that the court considered the factors called into question by the case at hand and necessary to support the reasonableness of the award. *Rivera, supra*, at 796-797.[6]

**2. Paralegal services are recoverable at market rates.**

A prevailing Plaintiff may recover for the market rate paid to paralegals.[7] In this case, the utilization of paralegal services significantly diminished the amount of attorney time otherwise billable.

---

[5]*See also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)("When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible"); *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1211 (9th Cir. 1986)("it remains important for the district court to provide 'a concise but clear explanation of its reasons for the fee award'").

[6] Factors to be considered are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client under the circumstances, (8) the amount involved and the results obtained, (9) experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client (12) awards in similar cases, and (13) the complexity and importance of the case in its posture on appeal. *Kerr*, 526 F.2d at 70.

[7] *See Missouri et al. v. Jenkins*, 491 U.S. 274, 289, 109 S.Ct. 2463 (1989)("By encouraging the use of lower cost paralegals rather than attorneys wherever possible, permitting market-rate billing of paralegal hours 'encourages cost-effective delivery of legal services and, by reducing the spiraling cost of civil rights litigation, furthers the policies underlying civil rights statutes'"); *D-Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1387 (9th Cir 1990)("The Supreme Court has recently stated that a reasonable attorney's fee includes the work of attorneys and support staff, such as paralegals "whose labor contributes to the work product"").

[8] *See also Washington Public Power Supply System Securities Litigation, In re*, 19 F.3d 1291, 1305 (9th Cir. 1994)("The district court has discretion to compensate delay in payment in one of two ways: (1) by applying the attorneys' current rates to all hours billed during the course of the litigation; or (2) by using the attorneys'



SUSAN B. MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVE. SO.-STE. 200
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

**3. Reasonable Hourly Rate.**

The hourly rates to be applied are generally those rates in the legal community where the claim is tried. *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir.), *cert. denied*, 502 U.S. 899 (1991). The determination of what hourly rate is reasonable is not made in reference to the rates actually charged by the prevailing party. *Chalmers*, 796 F.2d at 1210. Rather, the court "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Id.* at 1210-11. "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir.1987).

In this case, the hourly rate of $375 per hour charged by Susan Mindenbergs is reasonable. *See* Declaration of Jeffrey L. Needle. Plaintiffs' counsel bills for paralegal services at the rate of $125 per hour. That rate is reasonable in the community. *Id.*

**4. Number of Hours Expended.**

In this case, Plaintiffs' counsel has logged 443.36 hours to litigate Plaintiffs' claims. Ms. Mindenbergs' paralegal logged 127.4 hours. The time spent prosecuting this lawsuit necessarily precluded gainful employment in other legal matters. Many hours of legal work,

historical rates and adding a prime rate enhancement"); *Gates v. Deukmejian*, 987 F.2d 1392, 1407 (9th Cir 1992)("Finally, the length of the delay in payment indeed is a consideration in deciding whether an award of current rather than historic rates is warranted"); *Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895, 908 (9th Cir 1995) ("'[e]ither current or historical prevailing rates may be used [,although] [t]he use of current rates may be necessary to adjust for inflation if the fee amount would otherwise be unreasonable.'" (*citing D'Emanuele v. Montgomery Ward & Co.*, Inc., 904 F.2d 1379, 1384 (9th Cir.1990). In *WPPSS, supra,* at 1305, the Court held that failure to calculate the lodestar at current rates was an abuse of discretion.



SUSAN B. MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVE. SO.-STE. 200
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

including research, meetings, telephone calls, correspondence, and email communications have not been recorded. The number of hours Ms. Mindenbergs spent on this case is reasonable. *Id.*

**5. Costs and Expenses.**

"It is well established that attorney fees under 42 U.S.C. § 1988 include reasonable out-of-pocket litigation expenses that would normally be charged to a fee paying client, even if the court cannot tax these expenses as 'costs' under 28 U.S.C. § 1920. *Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006). The Supreme Court has provided two guidelines addressing the scope of attorney's fees as applied to litigation expenses. First, reasonable attorney fees do not include costs that, like expert fees, have by tradition and statute been treated as a category of expenses distinct from attorney's fees. Second, reasonable attorney fees include litigation expenses only when it is "the prevailing practice in a given community" for lawyers to bill those costs separately from their hourly rates. *Id.* at 1259. Here the costs are reasonable and modest.

**C. Plaintiffs are entitled to recover for all claims that have the same common core of facts.**

**1. Successful and Unsuccessful Claims.**

In many civil rights cases, plaintiffs will bring lawsuits alleging numerous causes of action under both federal and state law. It is clear that where there exists a common core of facts based upon related legal theories, plaintiff may recover a complete lodestar even if he did not prevail on every contention raised. In *Hensley,* the Court addressed the issue of whether a partially prevailing plaintiff may recover attorney fees for time spent in furtherance of unsuccessful claims. The Court held that the "extent of a plaintiff's success is a crucial factor in determining the proper amount of [an award under Section 1988]." *Hensley*, 461 U.S. at 440,



SUSAN B. MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVE. SO.-STE. 200
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

103 S.Ct. at 1943. Furthermore, when a plaintiff does not prevail on a claim that is "distinct in all respects from his successful claims," then the hours spent on the unsuccessful claim must be deducted from the fee award. *Id.* If, however, the claims are related, then "a plaintiff who has won substantial relief should not have his attorney fee reduced simply because the district court did not adopt each contention raised." *Id.*; *Lovell By and Through Lovell v. Poway Unified School Dist.*, 79 F.3d 1510, 1519 (9th Cir. 1996) (emphasis added).

> To determine whether the claims are related, the district court should focus on whether the claims on which Plaintiff did not prevail "involve a common core of facts *or* are based on related legal theories." *Id.* (emphasis in original)(citation omitted). To the extent the claims are related, Plaintiff should recover reasonable fees for prosecuting those claims. However, a determination that certain claims are not related does not automatically bar an award of attorney's fees associated with those unrelated claims; work performed in pursuit of the unrelated claims may be inseparable from that performed in furtherance of the related or successful claims.

*Thomas v. City of Tacoma,* 410 F.3d 644, 649 (9th Cir. 2005).

In *Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895 (9th Cir. 1995), the Ninth Circuit Court, citing *Hensley*, first reiterated that "claims are unrelated if they are distinctly different claims for relief that are based on different facts and legal theories; claims are related if they involve a common core of facts or [are] based on related legal theories." *Id.* at 902. Although the Court acknowledged that there is no certain method for determining whether claims are related or unrelated, it did establish some useful guidelines:

> We concluded that "the test is whether relief sought on the unsuccessful claim 'is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised.'" *Thorne*, 802 F.2d at 1141 (quoting *Mary Beth G.*, 723 F.2d at 1279). Thus, the focus is to be on whether the unsuccessful and successful claims arose out of the same "course of conduct." If they didn't, they are unrelated under *Hensley*.



SUSAN B. MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVE. SO.-STE. 200
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

*Id.* at 903. *See also Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1499 (9th Cir.1995) (the court specifically ruled state and federal claims -- Title VII and Section 1981-- alleging discrimination arose out of a common core of facts and that the failure to prevail on the state claims did not foreclose a full lodestar).

In the case at bar, the ALJ determined that S.Y.'s had not met her burden of proving claims of procedural violations and her retaliation claim. All of S.Y.'s claims were predicated on the same facts. Because S.Y.'s failed claims are not unrelated nor "distinct in all respect from h[er] successful claim, she is entitled to recover the time her lawyer spent on the interconnected claims." *Hensley*, 461 U.S. at 440. Any hours expended on these unsuccessful claims should not be excluded. Here, S.Y.'s claims "involve a common core of facts" and are "based on related legal theories." *Id.* at 435. These issues clearly form a "common core" of facts under the *Hensley* analysis and plaintiff's counsel should be able to recover for that time. S.Y. prevailed on significant issues. *See Parents of Student W.*, 31 F.3d at 1498.

**D. Plaintiffs are entitled to recover fees for collecting fees.**

"Recoverable attorney's fees may include fees incurred while doing work on the underlying merits of the action ("merits fees") as well as fees incurred while pursuing merits fees 'fees-on-fees')." *Thompson v. Gomez,* 45 F.3d 1365, 1366 (9th Cir. 1995); *McGrath v. County of Nevada*, 67 F.3d 248, 253 (9th Cir. 1995) ("Work performed on a motion for fees under Sec. 1988(b) is compensable").

**E. Summary of fees and costs.**

The declarations of counsel and those of expert in support of Plaintiffs' request for fees and costs are attached hereto.



SUSAN B. MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVE. SO.-STE. 200
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

## IV. CONCLUSION

As the prevailing party, Ms. Snell and her daughter S.Y. are entitled to the fees and costs incurred by their counsel.

Respectfully submitted this 16th day of April 2014.

*s/ Susan Mindenbergs*
Susan B. Mindenbergs
WSBA No. 20545
Attorney for Plaintiffs



SUSAN B. MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVE. SO.-STE. 200
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

**CERTIFICATE OF SERVICE**

I, Irene Calvo, I hereby certify that on the date written below I electronically filed the foregoing Motion for Fees and Costs, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to be served on PERKINS COIE, LLP, Philip A. Thompson, Attorney for Defendant

DATED this 17th day of April, 2014.

Irene Calvo, Paralegal



SUSAN B. MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVE. SO.-STE. 200
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523