Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WENDY SNELL, Parent and Guardian of S.Y., and S.Y., a minor;

　　　　　Plaintiffs.

V.

NORTH THURSTON SCHOOL DISTRICT, a Washington Municipal Corporation.

　　　　　Defendants.

No. 3:13-cv-05488-RBL

DECLARATION OF JEFFREY NEEDLE IN SUPPORT OF REASONABLE ATTORNEY FEES AND COSTS

JEFFREY L. NEEDLE hereby declares, under penalty of perjury under the laws of the State of Washington, as follows:

1. That I am competent to testify to the matters contained herein and do so upon personal knowledge.

2. I graduated from American University Law School in 1972. I was on the law review staff and an editor of the law school law journal.

3. I have been in private practice for approximately thirty-four years. During that period of

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

time I have specialized in civil rights and employment discrimination litigation. Approximately 90 percent of my practice has been devoted to the litigation of civil rights cases. I have litigated civil rights cases in both state and federal court through trial and in appellate courts at all levels. *See Burnside v. Simpson Paper*, 66 Wn.App. 510, 832 P.2d 537 *affirmed*, 123 Wn.2d 93 (1994)(age discrimination and implied contract); *Lucas v. J.C. Penny*, WDW, #C93-1804C (1996)(race harassment and negligent infliction of emotional distress - affirmed by the Ninth Circuit, unpublished); *Redmon v. Air Industries Corporation*, WDW, #C95-482WD (1997)(whistleblower, wrongful discharge); *Woods v. Graphic Communications Union*, 925 F.2d 1195 (9th Cir. 1991)(racially hostile work environment, outrage, failure of duty of fair representation); *Wollert v. Rent A Center*, King County Cause No. 91-2-16364-2 (retaliation under state and federal law for assisting in a race discrimination claim); *McGinnis v. Kentucky Fried Chicken*, 42 F.3rd 1273 (9th Cir. 1994)(disability discrimination, punitive damages); *Ude v. Diamond Parking*, King County Cause No. 95-2-18888-5SEA (1998)(race discrimination - punitive damages); *Swinton v. U.S. Mat*, WDW Cause No. C97-1399JT (1999)(racially hostile work environment - punitive damages); *Chen, et al v. King County, et al*, WDW No. CV 00987 MJP (2009)(First Amendment); *Cole v. Harveyland*, 163 Wn.App. 199, 258 P.3d 70 (2011)(disability discrimination - retaliation); *Sawyer v. Automotive Equipment & Supply, et al,*; KC No. 09-2-31246-0 SEA (wage and hour - wrongful discharge); *Peterson v. National Securities Technologies*, EDW No. CV-12-5025-TOR (2013)(race retaliation).

I have appeared as amicus curiae in dozens of appellate cases in both state and federal courts, including: *Staub v. Proctor Hospital*, 562 US 647, 131 S. Ct. 1186, 179 L. Ed. 2d 144 (2011)

Declaration of Jeffrey Needle
In Support of Attorney Fees and Costs - 2

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

(proximate cause standard to be applied for "cat's paw" liability); *Gross v. FBL Financial Services,* 557 US 167, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009)(standard of liability under ADEA); *Costa v. Desert Palace,* 539 US 90, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003)(use of "motivating factor" standard under Title VII); *Collins v. Harker Heights,* Tex., 503 U.S. 115, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992)(Amicus for AAJ - deliberate indifference under 42 U.S.C. Section 1983); *Kolstad v. American Dental Association,* 119 S.Ct. 2118 (1999)(Amicus for AAJ - Punitive damages under Title VII); *Chavez v. Martinez,* 538 US 760, 123 S. Ct. 1994, 155 L. Ed. 2d 984 (2003)(application of qualified immunity under 42 U.S.C. Section 1983).

Some of the state case in which I have appeared as amicus curiae include: *Scrivener v. Clark College,* 176 Wn. App. 405, 309 P. 3d 613 (2013), *review granted* (whether the "substantial factor" standard applies at summary judgment under the WLAD)(pending); *Ockletree v. Franciscan Health System,* S.Ct. No. 88218-5 (02/06/2014) (definition of employer under the WLAD is unconstitutional as applied to employees who provide no religious duties); *Weiss v. Lonnquist,* 173 Wn. App. 344, 293 P. 3d 1264 (2013)(jeopardy element of public policy tort does not apply to internal complaints about violations of the Rules of Professional Conduct); *Hill v. Garda Cl Northwest, Inc.,* 176 Wn.2d 1010, 297 P. 3d 706 (2013)(provision of collective bargaining agreement requiring pre-dispute mandatory arbitration were unconscionable under Washington law); *Anfinson v. Fedex Ground Package System,* 174 Wn. 2d 851, 281 P. 3d 289 (2012)("economic realities" test applies to mis-classification of employees under Washington MWA); *Cudney v. Alsco, Inc.,* 172 Wn. 2d 524, 259 P. 3d 244 (2011)(application of the jeopardy element of public policy tort to driving under the influence and WISHA regulations); *White v. State of Washington,* 131 Wn.2d 1, 929 P.2d

Declaration of Jeffrey Needle
In Support of Attorney Fees and Costs - 3

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

396 (1996)(First Amendment and public policy wrongful discharge claim); *MacKay v. Acorn Custom Cabinetry*, 127 Wn.2d 302, 898 P.2d 284 (1995) ("substantial factor" standard established in state discrimination cases - amicus for WELA); *Griffin v. Eller*, 130 Wn.2d 97 (1996)(eight or less jurisdictional limitation under state law- Amicus for WELA); *Hill v. BCTI,* Supreme Court No. 68783-8 (2000)(pretext plus - amicus for WELA); *Ellis v. City of Seattle,* Supreme Court No.68252-6 (2000)(public policy tort - reasonable belief standard - amicus for WELA); *Snyder v. Medical Services Corp.,* Supreme Court No. 69091-0 (2001)(Amicus for WELA - meaning of disability under state law); *Brown v. Safeway*, Supreme Court No. 69067-7 (2001) (amicus for WELA - individual liability under state law against discrimination); *Bulman v. Safeway*, Supreme Court No. 68670-0 (2001) (amicus for WELA - reliance on employer's policies); *State v. Barber*, 118 Wn.2nd 335, 823 P.2d 335 (1992)(amicus for ACLU - racial incongruity can not be considered in probable cause determination); *Reid v. Pierce County*, 136 Wn.2d 195, 206, 961 P.2d 333 (1998) (amicus for ACLU - common law privacy); *Benjamin v. WSBA*, 138 Wn.2d 506, 515, 980 P.2d 742 (1999)(alleging wrongful discharge in violation of First Amendment rights and constitutional tort - amicus for ACLU); *Ermine v. City of Spokane*, Supreme Court No. 69680-2 (2001) (amicus for ACLU - reasonable attorney fees where nominal damages recovered).

4. I was on the Board of Governors of the American Association for Justice (formerly Association of Trial Lawyers of American) from 1993 until 1997. I am past Chairman of AAJ's Civil Rights Section and Employment Rights Section. I am past Chair of AAJ's Section Leaders' Council. I was the Chairman of the Civil Rights Section of the Washington State Association for Justice (formerly Washington State Trial Lawyers Association) from 1986 to 1992. I am Chair of

Declaration of Jeffrey Needle
In Support of Attorney Fees and Costs - 4

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

the Washington Employment Lawyers' Association (WELA) Amicus Committee, (1997- present) and also now serve on the AAJ Amicus Committee (1998-present). I also serve on the Amicus Advisory Council of the National Employment Lawyers Association (2005-present). I have served serve on the ACLU of Washington Legal Committee for approximately 25 years.

5. I have published approximately 40 columns on various civil rights issues in the *Trial News*, a publication of the Washington State Association for Justice. I have also written civil rights related book reviews and articles on punitive damages and qualified immunity in civil rights cases for *Trial Magazine*, the publication of AAJ.

6. I have been a speaker at various continuing legal education seminars on a number of different civil rights and employment related topics. Within the last year I have spoken at seminars sponsored by the Washington State Bar Association, Washington Employment Lawyers Association, and the National Employment Lawyers Association.

7. Because of my frequent consultations with other attorneys practicing civil rights in Western Washington, I am extremely familiar with the hourly rates charged by those attorneys and the number of hours that it generally takes for the purpose of litigating a civil rights case.

8. In preparation for the this declaration I reviewed the following documents:

A. Special Education - Parent's Closing Argument;

B. Findings of Fact, Conclusions of Law, Order;

C. Amended Complaint for Recovery of Attorney Fees and Costs;

D. Answer and Counterclaim;

E. Plaintiff's Opening Brief for Attorney Fees and Costs;

Declaration of Jeffrey Needle
In Support of Attorney Fees and Costs - 5

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

F. School District's Trial Brief;

G. Plaintiff's Responsive Trial Brief;

H. School District's Response to Brief for Attorney Fees and Costs;

I. Declaration of Susan Mindenbergs in Support of Attorney Fees;

I have also discussed the case with Ms. Mindenbergs, who has summarized for me the facts and legal issues.

9. Based on the foregoing, I have concluded 1) That Susan Mindenbergs agreed to take this case on a contingency hourly fee basis with the clear understanding that the client could not advance payment of costs; 2) It was also understood that there would be no financial recovery for the Plaintiffs and that any fees recoverable would be based upon the statute authorizing attorney fees and costs to the prevailing party; 3) That the case was tried before an administrative law judge over time lasting six full days; 4) Plaintiffs were alleging a violation of the IDEA insofar as the Plaintiff was denied educational benefits because of her disabling condition, including diabetes and deafness in her right ear; 5) Plaintiffs were seeking compensatory education in the form of tutorial services; 6) The record reveals extensive briefing by both sides on difficult factual and legal issues; 7) The Administrative Law Judge ruled that the District had denied Plaintiff a free and appropriate public education in violation IDEA; 8) The District appealed the decision of the ALJ; 9) The appeal of the ALJ decision required a review of approximately 1200 pages of the hearing transcript; 10) On appeal, the parties were required to prepare both opening and responsive briefs; 11) The District Court affirmed the order of the ALJ in all respects; 12) Plaintiffs are the prevailing party and entitled attorney fees and costs; 13) The availability of attorney fees is complicated in IDEA cases by virtue

Declaration of Jeffrey Needle
In Support of Attorney Fees and Costs - 6

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

of the fact that the ALJ is not authorized to award fees and any and all such fees and costs can only be awarded based upon a separate cause of action in state or federal court for fees and costs. This complication has the effect of discouraging competent counsel to take IDEA cases; 14) Significantly, Plaintiffs' attorney has received no compensation for legal services from the date that she took this case until the present time.

11) The enforcement of constitutional or civil rights relies almost exclusively upon the efforts of private trial lawyers. In recognition of their responsibility to the quality of civil rights, many trial lawyers selflessly donate their time and effort. But reliance upon the pro bono efforts of trial lawyers will not entirely suffice to enforce civil rights. Private trial attorneys who accept their social responsibility to vindicate civil rights in cases with insubstantial damages are performing a substantial public service. Those attorneys act and were intended to act as private attorney generals. The benefits of the litigation they bring transcend the benefits to an individual Plaintiff. It confers benefits to the entire society by vindicating civil rights and holding public officials accountable to the rule of law. Ms. Mindenbergs has litigated this case in the best tradition of the private attorneys general concept. She accepted this case with a clear understanding that there would be no financial damages for Plaintiffs. Many lawyers will not accept a case based upon a contingent hourly fee. Ms. Mindenbergs is to be commended for having done so.

12) I have been asked to give an opinion concerning whether plaintiffs' counsel's requested hourly rate is reasonable and whether the number of hours is reasonable. Ms. Mindenbergs' usual billing rate of civil rights cases is $375 per hour and her paralegal's rate is $125 per hour. I have known Ms. Mindenbergs professionally for approximately 23 years. I have served on the WELA

Declaration of Jeffrey Needle
In Support of Attorney Fees and Costs - 7

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523

Board of Directors with Ms. Mindenbergs; we have co-authored amicus briefs and have co-counseled a number of civil rights cases. I am extremely familiar with her level of expertise, knowledge, and commitment to promoting civil rights. Her requested rate is reasonable compared to other attorneys in the Western District of Washington with similar expertise and ability. From my work with Ms. Mindenbergs I am also familiar with Irene Calvo, her paralegal. Based upon actual experience in my opinion her requested rate of $125 per hour is likewise reasonable and within the range charged by paralegals in Western Washington with comparable expertise.

13) Ms. Mindenbergs recorded her attorney fees contemporaneously. She recorded 443.36 hours and her paralegal logged 127.4 hours. I have reviewed her contemporaneous time sheets and the hours recorded appear appropriate to the work claimed. The number of hours logged by Ms. Mindenbergs and her paralegal are reasonable given the complexity of the factual and legal issues, the length of the hearing; and the amount of briefing required.

14) My hourly rate is $425 per hour. I have spent 4.25 hours reviewing documents and preparing this declaration.

Dated in Seattle this 16th day of April, 2014.

_____
Jeffrey Needle, WSBA #6346

Declaration of Jeffrey Needle
In Support of Attorney Fees and Costs - 8

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104
(206) 447-1560 fax (206) 447-1523