THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WENDY SNELL, Parent and Guardian of S.Y., and S.Y., a Minor,,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH THURSTON SCHOOL DISTRICT, a Washington Municipal Corporation,,<br><br>Defendant. | No. 3:13-cv-5488-RBL<br><br>NORTH THURSTON SCHOOL DISTRICT'S OPPOSITION TO PLAINTIFFS' MOTION FOR FEES AND COSTS<br><br>Date Noted for: May 2, 2014 |

## I.   INTRODUCTION

The plaintiffs ("Parent" and "Student") alleged that the defendant, North Thurston School District ("District") denied Student a free appropriate public education from September 2011 until mid-December 2011, when the Parent unilaterally withdrew the Student from the District and enrolled the Student in another public school district, and that the District discriminated and/or retaliated against the Parent and Student in violation of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983. The following issues were litigated in the administrative hearing:

NORTH THURSTON SCHOOL DISTRICT'S
OPPOSITION TO PLAINTIFFS' MOTION FOR
FEES AND COSTS (No.3:13-cv-5488 ) – 1
01975-1928/LEGAL120570021.1

Perkins Coie LLP
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA 98004-5579
Phone: 425.635.1400
Fax: 425.635.2400

1. Whether the District violated the procedural provisions of the IDEA and denied the Student a free appropriate public education ("FAPE") by failing to provide prior written notice of a placement meeting on September 7, 2011?

2. Did the District violate the procedural provisions of the IDEA and deny the Student a FAPE by failing to provide prior written notice of a functional behavioral assessment?

3. Did the District violate the procedural provisions of the IDEA and deny the Student a FAPE by failing to provide prior written notice that supplemental services would be removed from the Student's IEP on February 21, 2012?

4. Did the District violate the procedural provisions of the IDEA and deny the Student a FAPE by failing to give reasonable notice of the Student's transfer from Meadows Elementary to Lacey Elementary School?

5. Did the District violate the procedural provisions of the IDEA and deny the Student a FAPE by conducting an IEP meeting on or about January 9, 2012, without adequate attempts to involve the Parents?

6. Did the District violate the substantive provisions of the IDEA and deny the Student a FAPE by failing to provide a qualified person to monitor the Student's blood sugar level every two hours at school?

7. Did the District violate the substantive provisions of the IDEA and deny the Student a FAPE by failing to provide the Student with diabetes-related accommodations recommended by the Student's medical team; preferential seating; and a functioning amplifier?

8. Did the District violate the substantive provisions of the IDEA and deny the Student a FAPE by providing the Student an inappropriate BIP?

9. Did the District violate the substantive provisions of the IDEA and deny the Student a FAPE by interfering with the Parent's participation rights by telling the

NORTH THURSTON SCHOOL DISTRICT'S
OPPOSITION TO PLAINTIFFS' MOTION FOR
FEES AND COSTS (No.3:13-cv-5488) – 2
01975-1928/LEGAL120570021.1

Perkins Coie LLP
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA 98004-5579
Phone: 425.635.1400
Fax: 425.635.2400

father of the Student that the Student was no longer welcome at school; suspending the Student for two days without ascertaining whether the conduct that led to the suspension was related to the Student's blood sugar level; acting in a hostile manner in the Student's presence, resulting in the Student suffering anxiety and not wanting to attend school?

In addition, the Parent sought compensatory education in the form of tutoring for the Student in the amount of ten hours per week for three years (1,560 hours), as well as a prospective placement that included tutoring of ten hours per week. In essence, the Parent sought 20 hours of tutoring per week, 10 hours in the form of compensatory education and 10 hours as part of the Student's prospective placement.

The District prevailed on five of the nine issues litigated. Although the Parent was awarded compensatory education of 520 hours, the Administrative Law Judge denied the Parent's request for prospective relief and awarded compensatory education of 520 hours of tutoring rather than 1,560 hours of tutoring.[1]

The Parent filed a Complaint for Recovery of Attorney Fees and Costs on June 18, 2013. The District filed an Answer and Counterclaim on July 18, 2013. This Court affirmed the decision of the Administrative Law Judge and the Parent has now filed a motion for fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) in the amount of $184,833.20. The Parent's request should be denied in substantial part for the reasons specified below. In the alternative, the District requests that the Court defer ruling on the Parent's motion for fees and costs during the pendency of the District's appeal to the Ninth Circuit.

---

[1] The award of 520 hours of tutoring is much closer to the settlement offer the District made to the Parent on April 9, 2012, than to the 1,560 hours of tutoring demanded as compensatory relief in the Parent's due process complaint. See Declaration of Philip A. Thompson in Opposition to Motion for Fees and Costs, ¶4.

NORTH THURSTON SCHOOL DISTRICT'S
OPPOSITION TO PLAINTIFFS' MOTION FOR
FEES AND COSTS (No.3:13-cv-5488 ) – 3
01975-1928/LEGAL120570021.1

Perkins Coie LLP
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA 98004-5579
Phone: 425.635.1400
Fax: 425.635.2400

## II. ARGUMENT AND AUTHORITIES

### A. Plaintiffs' Fees Should Be Reduced

The IDEA provides that a court "in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i). This language is neither automatic nor mandatory, and is "within the sound discretion of the district court." Johnson v. Bismarck Pub. Sch. Dist., 949 F.2d 1000, 1003 (8th Cir. 1991); see also Jason D.W. v. Houston Indep. Sch. Dist., 158 F.3d 205 (5th Cir. 1998) (holding that "[a] finding that a party is a prevailing party only makes them eligible to receive attorneys' fees under the IDEA; it does not automatically entitle him to recover the full amount he spent on legal representation"). Further, the Supreme Court has found that where a plaintiff has achieved only partial success, "the district court should award only that amount of fees that is reasonable in relation to the results obtained." Hensley v. Eckhart, 461 U.S. 424, 433 (1983). There are many considerations that may warrant a reduction in a fee award, and courts are afforded discretion in determining the amount of fees that are reasonable under the circumstances. The Supreme Court explained:

> There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment.

Hensley, 461 U.S. at 436-37.

In this case, the plaintiffs did not prevail on the majority of their IDEA claims, failed to establish that the District engaged in intentional discrimination, failed to establish that the District engaged in retaliation, failed to achieve their request for prospective relief, and achieved only a modest portion (520 hours of tutoring) of their request of 1,560 hours of compensatory education (33% recovery).

In addition, a fee applicant bears the burden of providing sufficiently detailed time records to support a petition for attorneys' fees. Hensley, 461 U.S. at 437. A party cannot shift

NORTH THURSTON SCHOOL DISTRICT'S
OPPOSITION TO PLAINTIFFS' MOTION FOR
FEES AND COSTS (No.3:13-cv-5488 ) – 4
01975-1928/LEGAL120570021.1

Perkins Coie LLP
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA 98004-5579
Phone: 425.635.1400
Fax: 425.635.2400

this responsibility to the party opposing the fees. When a fee applicant fails to adequately document the fees claimed, a court may reduce the fee award accordingly. Id. at 433.

Here, the plaintiffs' seek to recover paralegal fees in the amount of $15,925.00, but provide no indication whatsoever of the nature of the services actually performed by the paralegals (Francisco and Calvo). Consequently, neither the District nor the Court has the ability to determine if the nature of the tasks performed was administrative, clerical, secretarial, word processing or substantive paralegal work. Accordingly, the plaintiffs' request for reimbursement of paralegal fees should be disallowed.

The descriptions of the work performed by the attorney for the plaintiffs are so general and vague in nature that they do not permit meaningful review by either the District or the Court. The entries lack sufficient detail to evaluate the extent to which hours should be excluded as excessive, redundant, unnecessary, or related to unsuccessful claims.[2] The unreasonable nature of the plaintiffs' attorneys' fees request can be readily discerned by comparing the attorneys' fees incurred by the plaintiffs with those incurred by the District. The plaintiffs seek a recovery of $97,661.25 for fees incurred from the inception of the case through the completion of the administrative hearing (2/24/12 - 5/6/13). In contrast, the District's attorneys' fees from the inception of the case through submission of post-hearing briefs (March 1, 2012 through April 30, 2013) total $66,600. Declaration of Philip A. Thompson in Opposition to Motion for Fees and Costs ("Thompson Declaration"), ¶6. The plaintiffs seek a recovery of $68,598.75 for fees they have incurred for the appeal (5/15/13 through 4/3/14). The attorneys' fees incurred by the District for the period from May 1, 2013, through April 30, 2014 total $33,756.00. Thompson Declaration, ¶7.

Although it is difficult to review the entries of plaintiffs' counsel in a meaningful manner since they lack sufficient detail, the District believes the following adjustments, at a minimum, should be made to plaintiffs' request:

---

[2] For example, there are repeated entries that simply state, "Prepare for hearing", with no other descriptor.

NORTH THURSTON SCHOOL DISTRICT'S
OPPOSITION TO PLAINTIFFS' MOTION FOR
FEES AND COSTS (No.3:13-cv-5488 ) – 5
01975-1928/LEGAL120570021.1

Perkins Coie LLP
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA 98004-5579
Phone: 425.635.1400
Fax: 425.635.2400

- The 51 hours expended preparing for the cross examination of District witnesses is excessive and should be reduced. The hearing itself was only 5½ days.
- The 5.1 hours expended researching the retaliation claim/issue should be disallowed.
- The 20 hours expended preparing documents/exhibits for hearing is excessive. The documents used for hearing were existing District records that did not require preparation.
- The 31.5 hours expended preparing the mother, father, and grandmother for testimony is excessive and should be reduced.
- The 65 hours expended to review the administrative record and draft a 24 page post-hearing brief is excessive and should be reduced.

### III.  CONCLUSION

Because the plaintiffs prevailed only in part, any award of attorneys' fees should be at a figure substantially lower than the plaintiffs' request. For the above stated reasons, the District respectfully requests that this Court award the plaintiffs substantially less than the amount requested or defer its ruling on attorneys' fees pending a final appeal of this action.

DATED: April 22, 2014

By: s/ Philip A. Thompson
Philip A. Thompson #12857
Attorneys for Defendant North Thurston School District
**Perkins Coie LLP**
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA  98004-5579
Telephone: 425.635.1400
Facsimile: 425.635.2400
Email: PThompson@perkinscoie.com

NORTH THURSTON SCHOOL DISTRICT'S
OPPOSITION TO PLAINTIFFS' MOTION FOR
FEES AND COSTS (No.3:13-cv-5488 ) – 6
01975-1928/LEGAL120570021.1

Perkins Coie LLP
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA  98004-5579
Phone: 425.635.1400
Fax: 425.635.2400

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Susan Mindenbergs, Attorney at Law, 119 First Ave So. Ste. 200, Seattle, WA 98104-2564, smindenbergslaw@juno.com.

DATED: April 24, 2014                              By: s/ Debbie Coker
                                                   Debbie Coker

CERTIFICATE OF SERVICE

Perkins Coie LLP
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA 98004-5579
Phone: 425.635.1400
Fax: 425.635.2400

01975-1928/LEGAL120603733.1