HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WENDY SNELL, et al.,<br><br>               Plaintiffs,<br><br>   v.<br><br>NORTH THURSTON SCHOOL DISTRICT,<br><br>               Defendant. | CASE NO. C13-5488 RBL<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES<br><br>[DKT. #20] |

THIS MATTER is before the Court on Plaintiffs' Motion for attorneys' fees under the IDEA [Dkt .#20]. Plaintiff Snell argues that she (and her daughter) prevailed on their IDEA claim, and she seeks $184,833.20 in fees and costs. [*See* Dkt. # 21 at 6]

The North Thurston School District points out that Snell did not prevail on the bulk of her claims, and that even the relief she did obtain was only a third of what she sought. It claims that the hours sought are excessive, but does not articulate what might be a reasonable amount. It also asks the Court to defer ruling on the attorneys' fee issue until the Ninth Circuit's review of the Court's underlying order is complete.

1    The first step in determining reasonable fees is to calculate the lodestar figure, by taking
2 the number of hours reasonably expended on the litigation and multiplying it by the appropriate
3 hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court should exclude
4 overstaffed, redundant, or unnecessary time. *Id.* at 434. The Court must also consider the extent
5 of Plaintiffs' success, as that is a "crucial factor" in determining an appropriate award. *Id.* at
6 440.
7    After determining the lodestar figure, the Court should then determine whether to adjust
8 the lodestar figure up or down, based on factors not subsumed in the lodestar figure. These
9 factors[1] were adopted in this Circuit by *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70
10 (9th Cir. 1975) *cert. denied*, 425 U.S. 951 (1976). The applicability of the sixth (whether the fee
11 is fixed or contingent) and tenth (the "undesirability " of the case) *Kerr* factors is doubtful after
12 *City of Burlington v. Dague*, 505 U.S. 557 (1992); *see also Davis v. City & County of San*
13 *Francisco*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345
14 (9th Cir. 1993)(fixed vs. contingent nature of fee is not to be considered). Additionally,
15 numerous courts have subsequently held that the bulk of these factors are subsumed in the
16 lodestar calculation. *See, for example, Blum v. Stenson*, 465 U.S. 886, 898-900 (1984).

---

[1] The *Kerr* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976).

In any event, the lodestar calculation is presumptively reasonable, and adjustments (up are down) are appropriate only in rare and exceptional cases. *Id.*, *see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987).

The lodestar calculation is similarly the starting point for determining a reasonable fee under Washington law. *Scott Fetzer v. Weeks*, 114 Wn.2d 109, 786 P.2d 265 (1990); *Absher Constr. v. Kent Sch. Dist. No. 415*, 79 Wash. App. 841, 847, 917 P.2d 1086 (1995). Washington's RPC 1.5 lists factors to be considered in evaluating the reasonableness of an attorney's fee:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client; and
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services.

RPC 1.5(a) (1)-(7). These factors are consistent with current *Kerr* factors.

**A.    Reasonable Hourly Rate.**

In determining hourly rates, the Court must look to the "prevailing market rates in the relevant community." *Bell v. Clackamas County*, 341 F.3d 858, 868 (9th Cir. 2003). The rates of comparable attorneys in the forum district are usually used. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). In making its calculation, the Court should also consider the experience, skill, and reputation of the attorney requesting fees. *Schwarz v. Sec'y of Health &*

*Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). The Court may rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Plaintiff's primary attorney, Susan Mindenbergs, charges and requests $375 per hour (the same as the Defendant's primary attorney), and she seeks $125 per hour for her paralegal's time. Defendants do not challenge the reasonableness of these rates, and they are reasonable.

**B.     Reasonable Number of Hours.**

Mindenbergs demonstrates that she spent 443.36 hours on this litigation, and her paralegal spent 127.4. She spent an additional $1806.25 obtaining the opinion of an outside attorney, Jeffrey Needle. Needle opines, persuasively, that the rates and hours incurred by Plaintiff's attorney were reasonable.

North Thurston's opposition relies on its claim that Snell did not prevail on more than half of her claims, and that it incurred only about $100,000 in fees on the whole case. It apparently contends that its own fee demonstrates that the almost double number incurred by Plaintiff was excessive. It also points to several events and the hours devoted to them that it claims are excessive.

Snell's claim that she prevailed is not undermined by North Thurston's claim that she wanted even more, and North Thurston has not demonstrated that the hours spent were unproductive or otherwise excessive. The Court will not defer the award of fees to the "other end" of the appeal. The fees and costs sought are reasonable under the relevant authorities, and there is no compelling reason to reduce them.

1 The full amount of the fees and costs requested are awarded without deduction.

2 IT IS SO ORDERED.

3 Dated this 22nd day of May, 2014.

*[signature]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE